UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:18-cr-0001-KJM |
| Plaintiff, | ORDER |
| v. | |
| Lionel Ornelas, | |
| Defendant. | |

Defendant Lionel Ornelas moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He seeks release in light of the poor health of his wife, as well as the increased risks to his own health he says the COVID-19 pandemic poses. For the reasons below, the court **denies** the motion.

I.  BACKGROUND

In 2019, Ornelas pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Mins., ECF No. 57; Plea Agreement, ECF No. 60. In March 2022, this court sentenced him to 188 months' imprisonment, followed by a 60-month term of supervised release, and imposed a $100 special assessment. Mins. Sentencing Hr'g, ECF No. 110; Am. J., ECF No. 112. Ornelas is currently residing at USP-Lompoc. *See* Suppl. Br. at 1, ECF No. 126; Opp'n Ex. 1 (BOP Inmate Data) at 1, ECF No. 128-1. His projected release date is April 27, 2031. BOP Inmate Data at 3. Ornelas

has served approximately 57 months of his 188-month sentence. *Id.* He is now 63 years old. *See* Suppl. Br. Ex. B (Sealed Medical Record) at 3, ECF No. 126-3.

Ornelas now moves to vacate his remaining sentence so he can care for his ailing wife. *See* Mot., ECF No. 114. Through appointed counsel, Ornelas filed a supplemental brief in support of his release, asserting his own hypertension, depression, obesity, and age also place him at increased risk of illness from exposure to COVID-19. *See* Suppl. Br. The government opposes. *See* Opp'n, ECF No. 128. Ornelas has replied. *See* Reply, ECF No. 130. The court submitted the motion without a hearing.

## II.   LEGAL STANDARD

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. A defendant must first exhaust administrative remedies. *Id.* § 3582(c)(1)(A). If a defendant has exhausted administrative remedies, the analysis is twofold. First, to grant relief, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* § 3582(c)(1)(A)(i). Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *See id.* § 3582(c)(1)(A).

A defendant has the "burden to establish his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

## III.   ANALYSIS

The parties do not dispute Ornelas has exhausted his administrative remedies as required by § 3582(c),[1] *see* Suppl. Br. at 6–7; Opp'n at 4–5; Ornelas requested his release in a submission to USP Lompoc's warden on April 22, 2022, *see* Suppl. Br. Ex. C, ECF No. 126-4. In reaching the merits, the court denies Ornelas's request for release because he has not shown his family

/////

---

[1] The court may consider defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

1  circumstances or his own health conditions constitute "extraordinary and compelling reasons"
2  under 18 U.S.C. § 3582(c)(1)(A)(i).

3  First, Ornelas has not shown his family circumstances justify his release. Under the
4  sentence reduction policy statement, family circumstances involving incapacitation of a
5  defendant's spouse may constitute "extraordinary and compelling reasons." *United States v.*
6  *Allen*, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019) (citing U.S.S.G. § 1B1.13, cmt. n.1).
7  But Ornelas here has not provided any evidence to allow this court to conclude his wife is
8  "incapacitated." *See* Mot.; Suppl. Br. Ornelas also has not shown why his three children cannot
9  care for his wife. *See* Mot.; Suppl. Br; *see also* PSR ¶ 81, ECF No. 113 (noting Ornelas and his
10 wife have three children). Thus, Ornelas has not shown his family circumstances are
11 "extraordinary and compelling" circumstances. *Cf. United States v. Hill*, 2020 WL 3037226, at
12 *3 (W.D. Ark. June 5, 2020) (denying defendant's request for release because defendant has not
13 shown he is the only caregiver for his ailing wife).

14 Second, Ornelas argues his hypertension, depression, obesity, and age place him at
15 increased risk of illness from exposure to COVID-19. Suppl. Br. at 3; *see generally* Sealed
16 Medical Record. But Ornelas here has not produced any evidence showing he remains at risk
17 despite his vaccination against COVID-19. *See* Sealed Medical Record at 10, 43 (showing
18 Ornelas fully vaccinated against COVID-19). "[D]istrict courts across the country, including
19 within this Circuit, have held almost uniformly that a defendant's vaccination undercuts any
20 claims of 'extraordinary and compelling reasons' based on a high risk of infection [from COVID-
21 19]." *United States v. Smith*, 538 F. Supp. 3d 990, 996 (E.D. Cal. 2021). Although the Centers
22 for Disease Control (CDC) has determined that older individuals diagnosed with hypertension,
23 depression, or obesity are at a higher risk for serious illness from COVID-19, the CDC also
24 observes COVID-19 vaccines and boosters remain highly protective against severe illness and
25 death, even for those with underlying conditions. *See* Ctrs. For Disease Control & Prevention,
26 COVID-19, "People with Certain Medical Conditions," (last visited Oct. 30, 2022).[2]

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html/#Actions.

3

Moreover, health conditions "that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020). During sentencing, the court considered Ornelas's health issues and concluded the prison "is in a position, should be in a position to take account of all of his health conditions." Sentencing Hr'g Tr. at 19:12–16, ECF No. 131. Ornelas's medical records confirm USP Lompoc's medical staff have been monitoring and treating his conditions, including when Ornelas contracted COVID two separate times previously. *See id.; see generally* Sealed Medical Record. Indeed, USP Lompoc appears to have implemented significant COVID precautions under a class action settlement. *See* Order (June 28, 2022), ECF No. 444, *Torres v. Milusnic*, 2:20-cv-04450 (C.D. Cal.). Currently, only one inmate and two staff members report having COVID at the facility. *See* BOP, COVID-19 Coronavirus Page (last visited Oct. 30, 2022).[3] Given the prison's care for Ornelas when he was ill and its efforts to mitigate the risk of COVID infection, with apparent success, Ornelas has not shown his health conditions constitute "extraordinary and compelling" circumstances.

For the reasons above, Ornelas's motion for compassionate release is **denied**. The court need not consider whether the relevant 18 U.S.C. § 3553(a) sentencing factors weigh in favor of release. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.") (emphasis omitted).

### IV. CONCLUSION

Ornelas's motion for compassionate release, ECF Nos. 114 & 126, is **denied**.

The court **grants** the parties' requests to seal medical documents, ECF Nos. 127 & 129.

This order resolves ECF Nos. 114, 126, 127 & 129.

IT IS SO ORDERED.

DATED: November 1, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

---

[3] https://www.bop.gov/locations/institutions/lom/.